ST. LOUIS-SAN FRANCISCO RY. Co. et al. v. BRYAN COUNTY.

*97 P. 2d 77.*

No. 29054.    Dec. 19, 1939.

Cruce, Satterfield & Grigsby, of Oklahoma City, for plaintiffs in error.

Bill Steger, County Atty., of Bryan County, and Ben W. Carter, both of Durant, for defendant in error.

DAVISON, J. This case involves the validity of appropriations and tax levies for the fiscal year ending June 30, 1937, made to provide for the transportation of pupils in two school districts situated in Bryan county, Okla., designated as union graded No. 7 and union graded No. 8.

The levies were protested before the Court of Tax Review, where the protests were denied, and the St. Louis & San Francisco Railway Company, pro-

testant, appearing herein as plaintiff in error, presents the cause to this court for review.

In the trial of this cause, it was established that each of the "union graded districts" was formed from a single common school district. It is contended that a district so formed does not possess the power to provide for transportation of pupils at public expense.

Since the tax levies here involved were to meet appropriations for the fiscal year of 1938-39, which occurred before the effective date of article 9, chapter 34, S. L. 1939, the authority of the school districts to transport pupils, if any, is derived from that portion of section 6940, O. S. 1931 (70 Okla. Stat. Ann. 281), which provides:

"Public transportation may be provided in any union graded district to convey pupils to and from the central building provided a meeting of the legal voters of the district is called to vote on this measure and sixty per cent. (60%) of the voters present at such meeting vote in favor of such measure."

The statutory prerequisite, requiring approval of furnishing transportation by 60 per cent. of the legal voters of each of the districts, is not herein disputed. The question is whether the district possessed the power to provide such transportation.

In State ex rel. Dawson, County Supt., v. Dinwiddie, School Dist. Clerk, 186 Okla. 63, 95 P. 2d 867, we held that by virtue of sec. 6946, O. S. 1931 (70 Okla. Stat. Ann. § 285), a single school district possesses the power to change its status in the manner prescribed by section 6940, O. S. 1931, supra, and thereafter establish and maintain its school system as two or more districts combined.

We pointed out that the use of the word "union" in conjunction with such a district was somewhat of a misnomer, sanctioned by usage and departmental construction, rather than a strict adherence to its ordinary meaning. We also noted that the Legislature, itself, had throughout the article (art. 11, chapter

34, O. S. 1931) and its historical development used the term loosely. We determined that the primary purpose of the article was to enable one or more school districts (when desirable to a prescribed majority of the electorate) to make more elaborate educational facilities available.

It was pointed out that while the authority possessed by a single district to establish a graded or high school as contemplated by the article necessarily connoted the power to maintain the same as contemplated by the article.

It was pointed out that some provisions of the article, as, for instance, those relating to the division of the financial burden between districts uniting, are inappropriate, and, therefore, inapplicable to a single district operating its school system under the article. This, however, cannot be fairly said of the transportation of pupils at public expense.

Since one of the primary purposes of the statute was to enable a school district, which, according to the judgment of its electorate, is large enough and financially strong enough to provide the additional educational facilities contemplated by the article, it seems logical and even obvious that the Legislature intended, when and if 60 per cent. of the electorate of such a district so desired, that transportation of pupils at public expense be furnished. The provision is not inappropriate when viewed from the standpoint of a single district which has so changed its status as to possess the authority to establish and maintain its school system under the article.

We recognized that upon a narrow and very literal construction of the language employed in section 6946, O. S. 1931, supra, a different conclusion might be announced in this cause, but such a construction would be contrary to rules of liberal construction, approved by this court (State ex rel. Dawson, County Supt., v. Dinwiddie, School Dist. Clerk, supra), and commanded by statute (sec. 3, O. S. 1931, 25 Okla. Stat. Ann. § 29).

The decision of the Court of Tax Re-

view denying the protest will be approved.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and CORN, JJ., concur. GIBSON and DANNER, JJ., dissent. HURST, J., concurs in conclusion, but dissents as to reasoning.